UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In Re: ) | Case No. 11 B 28568 |
| ) | |
| PHYLLIS CAMP, ) | Chapter 11 |
| ) | |
| Debtor/Debtor in Possession ) | Hon. Pamela S. Hollis |

## NOTICE OF MOTION

**TO:** Creditors of Record (see attached)
Notice via *PACER ECF* or First Class Mail

PLEASE TAKE NOTICE that on **January 29, 2013 at 10:30AM** we shall appear before the Honorable Pamela S. Hollis, United States Bankruptcy Judge for the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, or any judge sitting in her stead, in Room 644 of the Dirksen Federal Building located at 219 South Dearborn Street, Chicago, Illinois, and shall then and there present the **Motion for Final Decree and to Close the Bankruptcy Case**, a copy of which is attached and hereby served upon you.

Phyllis Camp

By:   /s/ Phyllis Camp_____
Debtor

## CERTIFICATE OF SERVICE

I, Mazyar Hedayat, an attorney, certify that on December 27, 2012, I caused a true and correct copy of the **Motion for Final Decree and to Close the Bankruptcy Case** to be served on the attached participant(s) by electronic mail through the Court's ECF filing system or via US Mail.

/s/ Mazyar Hedayat /s/_____
Mazyar Hedayat

M Hedayat & Associates, PC
Mazyar M. Hedayat (Atty. ID#6226806)
1211 Lakeview Court
Romeoville, IL 60446
Phone: (630) 378-2200

1

**SERVICE LIST**

Jonathan P. Friedland
Representing OneWest Bank
Via ECF

Joanne Lee
Representing Fed. Nat. Mort. Assn.
Via ECF

Jose G Moreno
Representing Wells Fargo Bank, NA
Via ECF

Jill L Nicholson
Representing Fed. Nat. Mort. Assn.
Via ECF

U.S. Bankruptcy Court
Eastern Division
219 South Dearborn, 7th Floor
Chicago, IL  60604-1704

BAC Home Loan Servicing
450 American Street
Simi Valley, CA  93065-6285

Bank of America
P.O. Box 851001
Dallas, TX  75285-1001

Chase
PO Box 15298
Wilmington, DE  19850-5298

Citibank USA
Citicorp Credit Services
PO Box 20507
Kansas City, MO  64195-0507

HSBC Best Buy
Attn: Bankruptcy
PO Box 5263
Carol Stream, IL  60197-5263

Infiniti Financial Services
PO Box 660360
Dallas, TX  75266-0360

Infiniti Financial Services
PO Box 660366
Dallas, TX 75266-0366

Rieff, Schramm & Kanter
100 North LaSalle Street
Chicago, IL  60602

ThirdFederal Saving & Loan
7007 Broadway Avenue
Cleveland, OH  44105

Timberline Restoration
362 S. Cherry St.
Columbus, IN 47201-0000

Urban Partnership Bank
PO Box 19260
Chicago, IL  60619

Wells Fargo Bank NA
Attn: Bankruptcy Dept.
MAC X7801-014
3476 Stateview Blvd
Fort Mill, SC  29715

Patrick Layng
Office of US Trustee, Region 11
219 South Dearborn Street, Suite 873
Chicago, IL  60604

Wells Fargo Home Mortgage
8480 Stagecoach Cir
Fredrick, MD  21701

2

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 11 B 28568 |
| | ) | |
| PHYLLIS CAMP, | ) | Chapter 11 |
| | ) | |
| Debtor/Debtor in Possession | ) | Hon. Judge Hollis |

### MOTION FOR FINAL DECREE AND TO CLOSE BANKRUPTCY CASE

Now Comes Phyllis Camp, the reorganized debtor ("Debtor"), by and through her counsel, M. Hedayat & Associates, PC, with her Motion for Final Decree and to Close Bankruptcy Case ("Motion") and in support thereof states as follows:

**Background**

1. On July 11, 2011 the Debtor filed a Voluntary Petition for relief under Chapter 11 of the Bankruptcy Code (the "Filing"). Since the Filing the Debtor, as Debtor in Possession, has continued in possession of substantially all of her property in accordance with §§1107 and 1108 and no trustee has been appointed.

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §157. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2).

3. On November 8, 2012, the Court entered an Order (the "Confirmation Order") confirming the Second Amended Plan of Reorganization of the Debtor (the "Plan").

4. The Plan consists of the following classes of claims:

    i. Class 1 – FNMA Secured Claim

    ii. Class 2- Wells Fargo Secured Claim

    iii. Class 3 – Urban Partnership Bank Secured Claim

1

    iv.    Class 4 – Urban Partnership Secured Claim

    v.    Class 5 – OneWest Bank Secured Claim

    vi.    Class 6 – ThirdFederal Saving & Loan Secured Claim

    vii.    Class 7- BAC Home Loan Secured Claim

    viii.    Class 8 – Chase Bank Secured Claim

    ix.    Class 9 – Cook County Treasurer Secured Claim

    x.    Class 10 – Bartholomew County Treasurer Secured Claim

    xi.    Class 11 – McLean County Treasurer Secured Claim

    xii.    Class 12 – Infiniti Financial Services Secured Claim

    xiii.    Class 13 – General Unsecured Claims

5. The Effective date of the Plan is December 1, 2012. The Plan requires that the Debtor continue to make all mortgage and car payments according to the terms of the respective notes and to take the following actions:

    i.    Sign and Return the Second Mortgage note to FNMA for the arrears on the Columbus Village Property.

    ii.    Make the first monthly payment under the Second Mortgage Note by the Effective Date.

    iii.    Make the first of five (5) monthly payments to the General Unsecured Creditors by the Effective Date.

    iv.    Pay the Class 2 mortgage arrears by the Effective Date.

    v.    Pay the Class 7 mortgage arrears by the Effective Date.

6. The Debtor has or will have prior to the hearing on this Motion, made all of the Effective Date Payments and signed the required documents. No motions or adversary proceedings are

pending. All payments due to the U.S. Trustee have been or shall be paid in full prior to the hearing on the Motion. As a result, the Plan has been substantially consummated.

**Relief Sought**

7. By this Motion, the Debtor seeks the entry of a Final Decree and Order closing this bankruptcy case.

**Discussion**

8. Bankruptcy Code section 350(a) provides that the court shall close a bankruptcy case once it has been fully administered. 11 U.S.C. §350(a) ("After an estate is fully administered '" the court shall close the case."). Bankruptcy Rule 3022 implements Section 350(a) in the context of a chapter 11 reorganization. Fed. R. Bankr. P. 3022 ("After an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case. ").

9. The term "fully administered" is not defined in the Bankruptcy Code. "At one extreme, an estate can be fully administered when a Chapter 11 plan is confirmed and the estate dissolves .... At the other extreme, an estate can be fully administered when all that is called for under a plan occurs." *In re Mold Makers, Inc.,* 124 B.R. 766, 768 (Bankr. N.D. Ill. 1990). Several courts have held that a case is fully administered and may be closed even though the reorganized debtor has not completed all payments to creditors. *See e.g. In re D&L Nicolaysen,* 228 B.R. 261 (Bankr. E.D. Ca. 1998); *In re Jay Bee Enterprises, Inc.,* 207 B.R. 536, 539 (Bankr. ED. Ky. 1997) ("[Rule 3022] does not require that a Chapter 11 case be kept open until all awarded fees and allowed claims have been paid in accordance with the confirmed plan ... ").

10. To assist courts in deciding whether a case is substantially administered, there are six non-exclusive factors. *In re Rebel Rents, Inc.,* 326 B.R. 791, 804 (Bankr. C.D. Cal. 2005); *In re Jay Bee Enterprises, Inc.,* 207 B.R. at 538. Not all of these factors need to exist before a court may

3

enter a final decree; these factors only serve as a guideline. *See e.g. In re Mold Makers, Inc.*, 124 B.R. at 768 (noting that all six factors need not be present; rather, a court uses the factors "as a guide in assisting ... in its decision to close a case."). The six factors are:

  i. Whether the order confirming the plan has become final;

  ii. Whether deposits required by the plan have been distributed;

  iii. Whether the property proposed by the plan to be transferred has been transferred;

  iv. Whether the debtor has assumed the business or management of the property dealt with by the plan;

  v. Whether payments under the plan have commenced; and

  vi. Whether all motions, contested matters and adversary proceedings have been resolved.

11. In this case, each of the factors has been satisfied. The Confirmation Order is final. All of the Effective Date Payments have been made. Finally, all pending motions have been resolved. Accordingly, a final decree should be entered and the bankruptcy case should be closed.

**Notice**

12. Notice of this Motion for Final Decree has been provided to (i) the United States Trustee; (ii) all of the Debtor's creditors; (iii) the Taxing Authorities; and (iv) all other parties in interest who have requested notice in this case.

**Conclusion**

WHEREFORE, the Reorganized Debtor respectfully requests that this Court enter an Order: (a) authorizing the entry of a final decree closing this case pursuant to Bankruptcy Code section 350(a) and Rule 3022 of the Federal Rules of Bankruptcy Procedure; (b) approving the notice provided; and (d) granting the Debtor such other and further relief as may be appropriate.

        Respectfully submitted on behalf of
        Phyllis Camp, Debtor in Possession

By:    <u>/s/ Mazyar M. Hedayat, Esq. /s/</u>
        Mazyar M. Hedayat, Her Attorney

Mazyar M. Hedayat, Esq.
M. Hedayat & Associates, PC
1211 W. Lakeview Court
Romeoville, Illinois 60446
Ph. (630) 378-2200
Fx. (630) 578-2878
mhedayat@mha-law.com
http://www.mha-law.com        **Dated**: December 27, 2012

5